Joel Talavera HERNANDEZ; Isabel Velasquez Reyes, Petitioners,

v.

Eric H. HOLDER Jr., Attorney General, Respondent.

No. 07–73830.

United States Court of Appeals, Ninth Circuit.

Submitted July 29, 2009.*

Filed July 30, 2009.

Enrique Arevalo, Esquire, Elizabeth Perez, Esquire, Law Offices of Enrique Arevalo, South Pasadena, CA, for Petitioners.

Julie Pfluger, Esquire, Mary Jane Candaux, Esquire, U.S. Department of Justice, Washington, DC, District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

MEMORANDUM **

Joel Talavera Hernandez and Isabel Velasquez Reyes, married natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *See Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). We deny the petition for review.

The BIA did not abuse its discretion by denying petitioners' motion to reopen, because the BIA considered the evidence they submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law.").

To the extent petitioners contend that the BIA failed to consider some or all of the evidence they submitted with the motion to reopen, they have not overcome the presumption that the BIA did review the record. *See Fernandez v. Gonzales,* 439 F.3d 592, 603 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.